Denio, J.
I am of opinion that the notice was not sufficiently certain. The most descriptive feature of a note is the name of the maker. The date, amount and time of the payment,' and the statement that the party served with the notice was an indorser, might or might not recall it to his recollection. One indorsing frequently for the accommodation of different persons, and keeping no bill-book, would not, by means of such a notice, ordinarily be able to identify the paper on which he was sought to be charged; nor would one who' indorsed and negotiated his own business paper, if his transactions of that kind were extensive, be much more likely to know what particular paper had been dishonored.
Several cases have been decided upon imperfect notices. In Shelton v. Braithwaite (7 Mees. & Wels., 436), one who had indorsed a bill, and had himself received notice of dishonor *520 from the holder, wrote to his drawer: “ I have received an intimation from the B. and M. Bank that your draft on A. B. is dishonored.” This was held sufficient, though it did not mention the date, amount or time of payment, there being no evidence of any other bill to which the letter could apply. In Cayuga County Bank v. Warden (1 Comst., 413), the notice described the note as one for $300 instead of $600, the true amount; but the latter sum was put down in the margin. It did not state a presentment for payment, but only that it had been protested. It being shown that there was no other note in existence, to which the notice would apply, it was held sufficient. (S. C., 2 Seld., 19.) In Youngs v. Lee (2 Kern., 551), the notice stated the name of the maker and amount, and that the note was indorsed by the person served, but was silent as to the date and time of payment; and it was held that the defendant was duly charged.
None of these cases, I think, justify the judgment in this case. It is true that no precise form is necessary for these notices; but they must reasonably apprise the party of the particular paper upon which he is sought to be charged. If so much is not required, the giving of any notice is a useless formality. This notice does not satisfy that requirement.
I am of opinion that the judgment should be reversed.
Strong and Allen, Js., expressed no opinion; all the other judges concurring,
Judgment reversed, and new trial ordered.